**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-41088
Summary Calendar

C. ELIJAH MUHAMMAD, also known as
Christopher Mitchell,

Plaintiff-Appellant,

versus

BUREAU OF PRISONS; E. CHANDLER, Warden;
K. TIMMS, Lieutenant; SHEFFREY S. WARD;
UP MCGOWAN; UP NYLEN; P. DUMAS,

Defendants-Appellees.

--------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-324
--------------------------------------------------------------
April 24, 2002

Before JOLLY, JONES and STEWART, Circuit Judges:

PER CURIAM:[*]

C. Elijah Muhammad, federal prisoner # 0271-088 who was formerly confined at the United States Penitentiary in Beaumont, Texas, appeals the dismissal without prejudice of his civil action brought pursuant to Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for failure to exhaust his administrative remedies. He argues that he exhausted his administrative remedies by filing an administrative tort claim pursuant to 28 C.F.R. §§ 2671 et seq. Inmates are required to exhaust available administrative remedies before filing a civil action. See 42 U.S.C. § 1997e(a); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). The Federal Bureau

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Prisons' administrative remedy procedures are separate from the procedure for filing an administrative tort claim and are codified in 28 U.S.C. §§ 542.10, 542.13, 542.14, and 542.15. Muhammad has not shown that he exhausted his administrative remedies as required by § 1997e(a). See Porter v. Nussle, ___ U.S. ___ (U.S. Feb. 26, 2002, No. 00-853), 2002 WL 261683 at *10. Therefore, he has not shown that the district court erred in dismissing his action for failure to exhaust available administrative remedies.

AFFIRMED.